**PHILLIPS NIZER**LLP

666 Fifth Avenue
New York, NY 10103-0084
212.977.9700
Fax 212.262.5152

600 Old Country Road
Garden City, NY 11530-2011
516.229.9400
Fax 516.228.9612

Jeremy D. Richardson
(212) 841-0541
jrichardson@phillipsnizer.com

Court Plaza North
25 Main Street
Hackensack, NJ 07601-7015
201.487.3700
Fax 201.646.1764

www.phillipsnizer.com

January 8, 2014

**By ECF and E-mail**

Hon. Andrew L. Carter Jr.
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    Robledo et al v. Bond No. 9 et al
                S.D.N.Y. Case No. 12 CV 6111 (ALC)

Dear Judge Carter:

      We represent those entities doing business as Bond No. 9 as well as Laurice Rahme (collectively, the "Defendants"). We write pursuant to paragraph 2(A) of the Individual Practices to request a conference prior to filing Defendants' summary judgment motion.

**A.**    **Background**

      On December 18, 2012, two of the Defendants – No. 9 Parfume Leasehold, Inc., d/b/a Bond No. 9 ("Parfume") and Laurice & Co. Uptown, Inc., d/b/a Bond No. 9 ("Uptown") – commenced an action in New York State Supreme Court against Veronica Robledo ("Robledo") and Karin Maria Widmann ("Widmann"), plaintiffs in this action (NY County Index No. 158987/2012, Hon. Paul Wooten (the "NYS Court Action")). Robledo and Widmann failed to answer the Complaint or move to dismiss it.[1] Accordingly, Parfume and Uptown moved for entry of a default judgment (the "Default Judgment Motion").

---

[1] After their time to answer had expired, counsel for Robledo and Widmann sent a letter to Justice Wooten on January 9, 2013, requesting an extension of time, to January 31, 2013, to answer or otherwise respond to the Complaint (NB: Justice Wooten's rules prohibit such letter requests). Robledo and Widmann then ignored that self-imposed deadline, and instead filed a Notice of Removal on February 6, 2013. Pursuant to FRCP 81(c)(2)(C), Robledo and Widmann thus were required to file an answer within 7 days (February 13, 2013). They failed to do so.

1221434.3

PHILLIPS NIZER LLP

Hon. Andrew L. Carter Jr.
January 8, 2014
Page 2

In February 2013, rather than oppose the Default Judgment Motion, Robledo and Widmann removed the NYS Court Action to this Court, despite having no legal basis to do so. On April 5, 2013, after oral argument, this Court not only remanded the NYS Court Action, but expressly admonished counsel for Robledo and Widmann for their abject failure to "conduct appropriate legal research before making submissions to the Court." After remand, Justice Wooten restored the Default Judgment Motion to the calendar. As with the Complaint, Robledo and Widmann failed to file written opposition to the Default Judgment Motion.

Notwithstanding those knowing failures, during the ten months the NYS Court Action was pending, counsel for Robledo and Widmann actively participated in the NYS Court Action by: (i) writing letters to Justice Wooten identifying themselves as counsel for Robledo and Widmann, seeking an extension of time to answer the Complaint, and stating Robledo and Widmann intended to defend against the allegations asserted by Parfume and Uptown; (ii) removing the NYS Court Action to this Court, opposing Parfume and Uptown's motion to remand, and appearing before this Court to argue against remand; and (iii) after remand, appearing on behalf of Robledo and Widmann before Justice Wooten and arguing substantively in opposition to the Default Judgment Motion.

On November 18, 2013, Justice Wooten granted the Default Judgment Motion. On December 9, 2013, Robledo and Widmann filed an Order to Show Cause (with supporting affidavits and a memorandum of law) in the NYS Court Action seeking to vacate the default judgment. On December 11, 2013, counsel for Robledo and Widmann again appeared and argued their position before Justice Wooten. That same day, Justice Wooten signed a short form order denying the requested relief, stating simply "Decline to Sign." (Copy attached.)

**B.    Defendants' Motion for Summary Judgment**

1.    Parfume and Uptown's Allegations in the NYS Court
      Action are Deemed Admitted by Robledo and Widmann

The effect of the State Court's judgment on this action is determined by New York law (28 U.S.C. §1738). Under New York law, Robledo and Widmann's failure to respond to an allegation in the Complaint in the NYS Court Action with a denial (or averment they lack knowledge or information sufficient to form a belief as to its truth), constitutes an admission of that allegation. *See* CPLR §3018(a).

Robledo and Widmann, therefore, are deemed to have admitted all the allegations made by Parfume and Uptown in their Complaint in the NYS Court Action, including the following:

> 23.    The defendants [Robledo and Widmann] ***falsely accused*** Laurice Rahme ("Rahme"), the Owner/President of Parfume and Uptown, of being a racist.

PHILLIPS NIZER LLP

Hon. Andrew L. Carter Jr.
January 8, 2014
Page 3

> 24. The defendants [Robledo and Widmann] commenced an action in United States District Court for the Southern District of New York, ***falsely claiming*** that Rahme individually, and Parfume and Uptown, mistreated customers and employees.

NYS Court Action, Complaint ¶¶ 23-24 (emphases added). These admissions eviscerate the allegations of Discrimination and Retaliation made in this action by Robledo and Widmann against Defendants.

2. The Admitted Allegations in the NYS Court Action Must
   Be Given Collateral Estoppel Effect in this Action

Under New York Law, when a party appears in an action but, by deliberate action, refuses to defend or litigate the charges or allegations against it, and a default judgment ensues, that party is collaterally estopped from litigating elsewhere the issues determined by the default judgment. See *Matter of Abady*, 22 A.D.3d 71, 800 N.Y.S.2d 651 (1st Dep't 2005). See also *Windley v. City of New York*, 104 A.D.3d 597, 961 N.Y.S.2d 441 (1st Dep't 2013).

Robledo and Widmann's admissions in the NYS Court Action – that their allegations of race discrimination and retaliation in this action are false – preclude them from pursuing such claims here. This Court, therefore, must grant summary judgment in Defendants' favor.

Accordingly, Defendants respectfully request a pre-motion conference.

Very truly yours,

*Jeremy Richardson*

Jeremy D. Richardson

JDR:wp

cc: Walker G. Harman Jr., Esq.
    Peter J. Andrews, Esq.

1221434.3

FILED: NEW YORK COUNTY CLERK 12/19/2013
NYSCEF DOC. NO. 76
INDEX NO. 158987/2012
RECEIVED NYSCEF: 12/19/2013

Case 1:12-cv-06111-ALC-DCF   Document 36   Filed 01/08/14   Page 4 of 4

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **Paul Wooten**
Justice

PART _____

No. 9 Perfume Leasehold, et al.

- v -

V. Robledo, et al

INDEX NO. 158987-12

MOTION DATE _____

MOTION SEQ. NO. 003

MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits … | |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

Cross-Motion: ☐ Yes  ☐ No

Upon the foregoing papers, it is ordered that this motion

## Decline to Sign.

*[signature: Paul Wooten]*

Dated: 12/11/13

J.S.C.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Check one:  ☐ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION

Check if appropriate:  ☐ DO NOT POST   ☐ REFERENCE